James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY ZIEROTH, as representative of the estate of SHARON ZIEROTH,

Plaintiff,

v.

ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services,

Defendant.

Case No. 3:20-cv-172 (MMC)

**ANSWER TO THE
FIRST AMENDED COMPLAINT**

The Defendant, Alex M. Azar II, Secretary of Health and Human Services (the "Secretary"), respectfully answers the allegations of the First Amended Complaint as follows. The Secretary notes that, pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

1. This paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

2. This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

3. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

4. Admitted.

1      5.      Admitted that Alex M. Azar II is the Secretary of Health and Human

2   Services.  The remainder of this paragraph consists of Plaintiff's characterization of this

3   lawsuit, to which no response is required.

4      6.      Defendant is without knowledge or information sufficient to confirm or

5   deny the allegations contained in the first sentence.  The second sentence consists of

6   Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is

7   required.

8      7.      This paragraph consists of factual allegations regarding diabetes.  Pursuant

9   to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

10   administrative record, rather than the allegations of the parties in their respective

11   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

12   full and accurate statement of its contents.  To the extent that these allegations are not

13   reflected in the administrative record, they are beyond the scope of the Court's review in

14   this case, and no response is required.

15      8.      This paragraph consists of factual allegations regarding diabetes.  Pursuant

16   to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

17   administrative record, rather than the allegations of the parties in their respective

18   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

19   full and accurate statement of its contents.  To the extent that these allegations are not

20   reflected in the administrative record, they are beyond the scope of the Court's review in

21   this case, and no response is required.

22      9.      This paragraph consists of factual allegations regarding diabetes and the

23   late Plaintiff's medical condition.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's

2

1  review in this action is based solely on the administrative record, rather than the

2  allegations of the parties in their respective pleadings; Defendant thus respectfully refers

3  the Court to the administrative record for a full and accurate statement of its contents.  To

4  the extent that these allegations are not reflected in the administrative record, they are

5  beyond the scope of the Court's review in this case, and no response is required.

6       10.    This paragraph consists of factual allegations regarding diabetes and the

7  late Plaintiff's medical condition.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's

8  review in this action is based solely on the administrative record, rather than the

9  allegations of the parties in their respective pleadings; Defendant thus respectfully refers

10  the Court to the administrative record for a full and accurate statement of its contents.  To

11  the extent that these allegations are not reflected in the administrative record, they are

12  beyond the scope of the Court's review in this case, and no response is required.

13       11.    This paragraph consists of factual allegations regarding diabetes and the

14  late Plaintiff's medical condition.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's

15  review in this action is based solely on the administrative record, rather than the

16  allegations of the parties in their respective pleadings; Defendant thus respectfully refers

17  the Court to the administrative record for a full and accurate statement of its contents.  To

18  the extent that these allegations are not reflected in the administrative record, they are

19  beyond the scope of the Court's review in this case, and no response is required.

20       12.    This paragraph consists of factual allegations regarding diabetes.  Pursuant

21  to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

22  administrative record, rather than the allegations of the parties in their respective

23  pleadings; Defendant thus respectfully refers the Court to the administrative record for a

1   full and accurate statement of its contents.  To the extent that these allegations are not

2   reflected in the administrative record, they are beyond the scope of the Court's review in

3   this case, and no response is required.

4        13.    This paragraph consists of factual allegations regarding diabetes.  Pursuant

5   to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

6   administrative record, rather than the allegations of the parties in their respective

7   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

8   full and accurate statement of its contents.  To the extent that these allegations are not

9   reflected in the administrative record, they are beyond the scope of the Court's review in

10   this case, and no response is required.

11        14.    This paragraph consists of allegations regarding the treatment of diabetes

12   in Medicare beneficiaries.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

13   this action is based solely on the administrative record, rather than the allegations of the

14   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

15   administrative record for a full and accurate statement of its contents.  To the extent that

16   these allegations are not reflected in the administrative record, they are beyond the scope

17   of the Court's review in this case, and no response is required.  The Court is respectfully

18   referred to the referenced CMS decision memo for a full and complete statement of its

19   contents.

20        15.    This paragraph consists of factual allegations regarding glucose tests.

21   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

22   on the administrative record, rather than the allegations of the parties in their respective

23   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

1    full and accurate statement of its contents.  To the extent that these allegations are not

2    reflected in the administrative record, they are beyond the scope of the Court's review in

3    this case, and no response is required.

4           16.    This paragraph consists of factual allegations regarding glucose tests.

5    Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

6    on the administrative record, rather than the allegations of the parties in their respective

7    pleadings; Defendant thus respectfully refers the Court to the administrative record for a

8    full and accurate statement of its contents.  To the extent that these allegations are not

9    reflected in the administrative record, they are beyond the scope of the Court's review in

10   this case, and no response is required.

11          17.    This paragraph consists of factual allegations regarding continuous

12   glucose monitors.[1]  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

13   action is based solely on the administrative record, rather than the allegations of the

14   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

15   administrative record for a full and accurate statement of its contents.  To the extent that

16   these allegations are not reflected in the administrative record, they are beyond the scope

17   of the Court's review in this case, and no response is required.

18          18.    This paragraph consists of factual allegations regarding continuous

19   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

20   action is based solely on the administrative record, rather than the allegations of the

21   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

---

[1] In this paragraph, and throughout much of the remainder of the First Amended
Complaint, Plaintiff refers to a "COM," which the Secretary understands to be a
typographical error for "CGM," or "continuous glucose monitor."

1  administrative record for a full and accurate statement of its contents.  To the extent that

2  these allegations are not reflected in the administrative record, they are beyond the scope

3  of the Court's review in this case, and no response is required.

4          19.     This paragraph consists of a factual allegation regarding continuous

5  glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

6  action is based solely on the administrative record, rather than the allegations of the

7  parties in their respective pleadings; Defendant thus respectfully refers the Court to the

8  administrative record for a full and accurate statement of its contents.  To the extent that

9  this allegation is not reflected in the administrative record, it is beyond the scope of the

10  Court's review in this case, and no response is required.

11          20.     This paragraph consists of factual allegations regarding continuous

12  glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

13  action is based solely on the administrative record, rather than the allegations of the

14  parties in their respective pleadings; Defendant thus respectfully refers the Court to the

15  administrative record for a full and accurate statement of its contents.  To the extent that

16  these allegations are not reflected in the administrative record, they are beyond the scope

17  of the Court's review in this case, and no response is required.

18          21.     This paragraph consists of factual allegations regarding continuous

19  glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

20  action is based solely on the administrative record, rather than the allegations of the

21  parties in their respective pleadings; Defendant thus respectfully refers the Court to the

22  administrative record for a full and accurate statement of its contents.  To the extent that

23  these allegations are not reflected in the administrative record, they are beyond the scope

1    of the Court's review in this case, and no response is required.

2         22.    This paragraph consists of factual allegations regarding continuous

3    glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

4    action is based solely on the administrative record, rather than the allegations of the

5    parties in their respective pleadings; Defendant thus respectfully refers the Court to the

6    administrative record for a full and accurate statement of its contents.  To the extent that

7    these allegations are not reflected in the administrative record, they are beyond the scope

8    of the Court's review in this case, and no response is required.

9         23.    This paragraph consists of factual allegations regarding continuous

10   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

11   action is based solely on the administrative record, rather than the allegations of the

12   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

13   administrative record for a full and accurate statement of its contents.  To the extent that

14   these allegations are not reflected in the administrative record, they are beyond the scope

15   of the Court's review in this case, and no response is required.

16        24.    This paragraph consists of factual allegations regarding continuous

17   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

18   action is based solely on the administrative record, rather than the allegations of the

19   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

20   administrative record for a full and accurate statement of its contents.  To the extent that

21   these allegations are not reflected in the administrative record, they are beyond the scope

22   of the Court's review in this case, and no response is required.

23        25.    This paragraph consists of factual allegations regarding continuous

1   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

2   action is based solely on the administrative record, rather than the allegations of the

3   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

4   administrative record for a full and accurate statement of its contents.  To the extent that

5   these allegations are not reflected in the administrative record, they are beyond the scope

6   of the Court's review in this case, and no response is required.

7            26.      This paragraph consists of factual allegations regarding continuous

8   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

9   action is based solely on the administrative record, rather than the allegations of the

10  parties in their respective pleadings; Defendant thus respectfully refers the Court to the

11  administrative record for a full and accurate statement of its contents.  To the extent that

12  these allegations are not reflected in the administrative record, they are beyond the scope

13  of the Court's review in this case, and no response is required.

14           27.      This paragraph consists of plaintiff's characterizations and legal

15  conclusions regarding the treatment of continuous glucose monitors under Medicare Part

16  B, to which no response is required.

17           28.      This paragraph consists of plaintiff's characterizations and legal

18  conclusions regarding Medicare Part B, to which no response is required.  The Court is

19  respectfully referred to the cited statutory provision for a full and complete statement of

20  its contents.

21           29.      This paragraph consists of plaintiff's characterizations and legal

22  conclusions regarding the Secretary's regulations, to which no response is required.  The

23  Court is respectfully referred to the cited regulatory provision for a full and complete

1  statement of its contents.

2      30.    This paragraph consists of a block quotation of a statutory provision, to

3  which no response is required.  The Court is respectfully referred to the cited statutory

4  provision for a full and complete statement of its contents.

5      31.    This paragraph consists of plaintiff's characterizations and legal

6  conclusions regarding a statutory provision, to which no response is required.  The Court

7  is respectfully referred to the cited statutory provision for a full and complete statement

8  of its contents.

9      32.    Defendant admits that CMS Ruling 1682-R was issued on January 12,

10  2017.  The remainder of this paragraph consists of plaintiff's characterizations and legal

11  conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

12  is respectfully referred to the cited CMS Ruling for a full and complete statement of its

13  contents.

14      33.    This paragraph consists of plaintiff's quotation from CMS Ruling 1682-R,

15  to which no response is required.  The Court is respectfully referred to the cited CMS

16  Ruling for a full and complete statement of its contents.

17      34.    This paragraph consists of plaintiff's characterizations and legal

18  conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

19  is respectfully referred to the cited CMS Ruling for a full and complete statement of its

20  contents.

21      35.    This paragraph consists of plaintiff's characterizations and legal

22  conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

23  is respectfully referred to the cited CMS Ruling for a full and complete statement of its

1    contents.

2          36.     This paragraph consists of plaintiff's characterizations and legal

3    conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

4    is respectfully referred to the cited CMS Ruling for a full and complete statement of its

5    contents.

6          37.     This paragraph consists of plaintiff's characterizations and legal

7    conclusions regarding the treatment of continuous glucose monitors under Medicare Part

8    B, to which no response is required.

9          38.     This paragraph consists of plaintiff's characterizations and legal

10   conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

11   is respectfully referred to the cited CMS Ruling for a full and complete statement of its

12   contents.

13         39.     This paragraph consists of plaintiff's characterizations and legal

14   conclusions regarding LCD L33822 and Policy Article A52464, to which no response is

15   required.  The Court is respectfully referred to the cited local coverage determination and

16   policy article for a full and complete statement of their contents.

17         40.     This paragraph consists of plaintiff's characterizations and legal

18   conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court

19   is respectfully referred to the cited CMS Ruling for a full and complete statement of its

20   contents.

21         41.     This paragraph consists of plaintiff's characterizations and legal

22   conclusions regarding National Coverage Determination 280.1, among other things.  No

23   response is required.  The Court is respectfully referred to the cited national coverage

1    determination for a full and complete statement of its contents.

2         42.    This paragraph consists of plaintiff's characterizations and legal

3    conclusions regarding Local Coverage Determination L33822 and Policy Article

4    A52464, among other things.  No response is required.  The Court is respectfully referred

5    to the cited local coverage determination and policy article for a full and complete

6    statement of their contents.

7         43.    Admitted that several district courts have reviewed Medicare Part B

8    coverage determinations for continuous glucose monitors.

9         44.    This paragraph consists of plaintiff's characterizations and legal

10   conclusions regarding several district court decisions, to which no response is required.

11   The Court is respectfully referred to those district court decisions for a full and complete

12   statement of their contents.

13        45.    This paragraph consists of plaintiff's characterizations and legal

14   conclusions regarding several district court decisions, to which no response is required.

15   The Court is respectfully referred to those district court decisions for a full and complete

16   statement of their contents.

17        46.    This paragraph consists of plaintiff's characterizations and legal

18   conclusions regarding the district court's decision in *Whitcomb v. Azar*, to which no

19   response is required.  The Court is respectfully referred to that decision for a full and

20   complete statement of its contents.

21        47.    This paragraph consists of plaintiff's characterizations and legal

22   conclusions regarding several district court decisions, to which no response is required.

23   The Court is respectfully referred to those district court decisions for a full and complete

1    statement of their contents.

2        48.    This paragraph consists of plaintiff's characterizations and legal

3    conclusions regarding a decision of the Departmental Appeals Board, to which no

4    response is required.  The Court is respectfully referred to the cited decision for a full and

5    complete statement of its contents.

6        49.    This paragraph consists of plaintiff's characterizations and legal

7    conclusions regarding a statutory provision, to which no response is required.  The Court

8    is respectfully referred to the cited provision for a full and complete statement of its

9    contents.  To the extent that a response it required, the Secretary denies that the

10   continuous glucose monitor at issue in this case is either durable medical equipment or a

11   prosthetic device within the meaning of the Medicare Act.

12       50.    This paragraph consists of plaintiff's quotation from a Medicare manual

13   provision, to which no response is required.  The Court is respectfully referred to that

14   manual provision for a full and complete statement of its contents.

15       51.    This paragraph consists of plaintiff's characterizations and legal

16   conclusions regarding a Medicare manual provision, to which no response is required.

17   The Court is respectfully referred to that manual provision for a full and complete

18   statement of its contents.  To the extent that a response is required, the Secretary denies

19   that the continuous glucose monitor at issue in this case is either durable medical

20   equipment or a prosthetic device within the meaning of the Medicare Act.

21       52.    This paragraph consists of factual allegations regarding the late Plaintiff.

22   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

23   on the administrative record, rather than the allegations of the parties in their respective

1   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

2   full and accurate statement of its contents.  To the extent that these allegations are not

3   reflected in the administrative record, they are beyond the scope of the Court's review in

4   this case, and no response is required.

5         53.      This paragraph consists of factual allegations regarding the late Plaintiff.

6   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

7   on the administrative record, rather than the allegations of the parties in their respective

8   pleadings; Defendant thus respectfully refers the Court to the administrative record for a

9   full and accurate statement of its contents.  To the extent that these allegations are not

10  reflected in the administrative record, they are beyond the scope of the Court's review in

11  this case, and no response is required.

12        54.      This paragraph consists of factual allegations regarding the late Plaintiff.

13  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

14  on the administrative record, rather than the allegations of the parties in their respective

15  pleadings; Defendant thus respectfully refers the Court to the administrative record for a

16  full and accurate statement of its contents.  To the extent that these allegations are not

17  reflected in the administrative record, they are beyond the scope of the Court's review in

18  this case, and no response is required.

19        55.      This paragraph consists of factual allegations regarding the late Plaintiff

20  and her continuous glucose monitor.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the

21  Court's review in this action is based solely on the administrative record, rather than the

22  allegations of the parties in their respective pleadings; Defendant thus respectfully refers

23  the Court to the administrative record for a full and accurate statement of its contents.  To

13

1    the extent that these allegations are not reflected in the administrative record, they are

2    beyond the scope of the Court's review in this case, and no response is required.

3         56.    This paragraph consists of allegations regarding the coverage claim at

4    issue in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

5    action is based solely on the administrative record, rather than the allegations of the

6    parties in their respective pleadings; Defendant thus respectfully refers the Court to the

7    administrative record for a full and accurate statement of its contents.  To the extent that

8    these allegations are not reflected in the administrative record, they are beyond the scope

9    of the Court's review in this case, and no response is required.

10        57.    This paragraph consists of allegations regarding the coverage claim at

11   issue in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

12   action is based solely on the administrative record, rather than the allegations of the

13   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

14   administrative record for a full and accurate statement of its contents.  To the extent that

15   these allegations are not reflected in the administrative record, they are beyond the scope

16   of the Court's review in this case, and no response is required.

17        58.    Admitted that the late Plaintiff's claims for coverage were initially denied

18   on the listed dates, and that she sought redetermination.  The remainder of this paragraph

19   consists of Plaintiff's characterization of those initial denials, to which no response is

20   required.  The Court is respectfully referred to the administrative record for a full and

21   accurate statement of their contents.

22        59.    Admitted that the late Plaintiff's claims were denied on redetermination,

23   on the listed dates, and that she sought reconsideration.  The remainder of this paragraph

14

consists of Plaintiff's characterization of those redetermination decisions, to which no

response is required.  The Court is respectfully referred to the administrative record for a

full and accurate statement of their contents.

60.      Admitted that the late Plaintiff's claims were denied on reconsideration,

on the listed dates, and that she sought review by an administrative law judge.  The

remainder of this paragraph consists of Plaintiff's characterization of those

reconsideration decisions, to which no response is required.  The Court is respectfully

referred to the administrative record for a full and accurate statement of their contents.

61.      Admitted that the administrative law judge conducted a hearing and issued

a decision on the late Plaintiff's claims on the listed dates.  The remainder of this

paragraph consists of Plaintiff's characterization of and quotation from that ALJ decision,

to which no response is required.  The Court is respectfully referred to the administrative

record for a full and accurate statement of its contents.

62.      This paragraph consists of a quotation from an administrative law judge's

decision on the coverage claim at issue in this case, to which no response is required.

The Court is respectfully referred to that ALJ decision for a full and complete statement

of its contents.

63.      This paragraph consists of Plaintiff's characterization of filings before the

Medicare Appeals Council, to which no response is required.  The Court is respectfully

referred to those filings for a full and complete statement of their contents.

64.      Admitted that the Medicare Appeals Council issued a decision on the late

Plaintiff's claims on the listed date.  The remainder of this paragraph consists of

Plaintiff's characterization of that decision, to which no response is required.  The Court

1    is respectfully referred to the administrative record for a full and accurate statement of its

2    contents.

3           65.     Admitted.

4           66.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

5    Secretary incorporates by reference his answers to all of the preceding paragraphs as if

6    fully set out herein.

7           67.     This paragraph consists of a request for relief, to which no response is

8    required.  To the extent that a response is deemed necessary, the Secretary denies that

9    Plaintiff is entitled to the requested relief or any relief whatsoever.

10          68.     This paragraph consists of a request for relief, to which no response is

11   required.  To the extent that a response is deemed necessary, the Secretary denies that

12   Plaintiff is entitled to the requested relief or any relief whatsoever.

13          69.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

14   Secretary incorporates by reference his answers to all of the preceding paragraphs as if

15   fully set out herein.

16          70.     This paragraph consists of a request for relief, to which no response is

17   required.  To the extent that a response is deemed necessary, the Secretary denies that

18   Plaintiff is entitled to the requested relief or any relief whatsoever.

19          71.     This paragraph consists of a request for relief, to which no response is

20   required.  To the extent that a response is deemed necessary, the Secretary denies that

21   Plaintiff is entitled to the requested relief or any relief whatsoever.

22          72.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

23   Secretary incorporates by reference his answers to all of the preceding paragraphs as if

1  fully set out herein.

2       73.     This paragraph consists of a request for relief, to which no response is

3  required.  To the extent that a response is deemed necessary, the Secretary denies that

4  Plaintiff is entitled to the requested relief or any relief whatsoever.

5       74.     This paragraph consists of a request for relief, to which no response is

6  required.  To the extent that a response is deemed necessary, the Secretary denies that

7  Plaintiff is entitled to the requested relief or any relief whatsoever.

8       75.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

9  Secretary incorporates by reference his answers to all of the preceding paragraphs as if

10  fully set out herein.

11      76.     This paragraph consists of a request for relief, to which no response is

12  required.  To the extent that a response is deemed necessary, the Secretary denies that

13  Plaintiff is entitled to the requested relief or any relief whatsoever.

14      77.     This paragraph consists of a request for relief, to which no response is

15  required.  To the extent that a response is deemed necessary, the Secretary denies that

16  Plaintiff is entitled to the requested relief or any relief whatsoever.

17      78.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

18  Secretary incorporates by reference his answers to all of the preceding paragraphs as if

19  fully set out herein.

20      79.     This paragraph consists of a request for relief, to which no response is

21  required.  To the extent that a response is deemed necessary, the Secretary denies that

22  Plaintiff is entitled to the requested relief or any relief whatsoever.

23      80.     This paragraph consists of factual allegations regarding continuous

1   glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

2   action is based solely on the administrative record, rather than the allegations of the

3   parties in their respective pleadings; Defendant thus respectfully refers the Court to the

4   administrative record for a full and accurate statement of its contents.  To the extent that

5   these allegations are not reflected in the administrative record, they are beyond the scope

6   of the Court's review in this case, and no response is required.

7        81.   This paragraph consists of a request for relief, to which no response is

8   required.  To the extent that a response is deemed necessary, the Secretary denies that

9   Plaintiff is entitled to the requested relief or any relief whatsoever.

10       82.   In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

11   Secretary incorporates by reference his answers to all of the preceding paragraphs as if

12   fully set out herein.

13       83.   This paragraph consists of a request for relief, to which no response is

14   required.  To the extent that a response is deemed necessary, the Secretary denies that

15   Plaintiff is entitled to the requested relief or any relief whatsoever.

16       84.   This paragraph consists of a request for relief, to which no response is

17   required.  To the extent that a response is deemed necessary, the Secretary denies that

18   Plaintiff is entitled to the requested relief or any relief whatsoever.

19       The remaining paragraphs of the complaint contain Plaintiff's requested relief, to

20   which no response is required.  To the extent that a response is deemed necessary, the

21   Secretary denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

22       The Secretary denies any and all allegations of the complaint not expressly

23   admitted herein.

1 | **DEFENSES**

2 |  1.  This Court lacks subject matter jurisdiction over Count IV and Count VI.

3 |  2.  Count I fails to state a claim on which relief can be granted.

4 |  3.  The Secretary's actions did not violate the Administrative Procedure Act,

5 | the Medicare statute, or any other statutory or regulatory provision.

6 |

7 |  WHEREFORE, having fully answered, the Secretary respectfully request that the

8 | Court enter judgment dismissing this action with prejudice and awarding the Secretary

9 | costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 1st day of May, 2020,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
*Counsel for Defendant*