James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ZIEROTH, as representative of the estate of SHARON ZIEROTH,<br><br>Plaintiff,<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services,<br><br>Defendant. | Case No. 3:20-cv-172 (MMC)<br><br>**DECLARATION OF JAMES BICKFORD IN SUPPORT OF THE SECRETARY'S MOTION FOR EXTENSION OF TIME TO FILE CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, James Bickford, declare as follows:

1. I am counsel for the Secretary of Health and Human Services in the above-captioned case, and submit this declaration in support of the Secretary's motion for a 90-day extension of his time to file a cross-motion for summary judgment and opposition to plaintiff's motion for summary judgment, which are currently due June 19, 2020.

2. This case concerns a denial of Medicare Part B coverage for a continuous glucose monitor. Under the terms of CMS Ruling 1682-R, the device at issue here is not covered as durable medical equipment. The Medicare Appeals Council followed that Ruling in denying coverage, as it was required to do. 42 C.F.R. § 401.108. Plaintiff argues that this denial, and the CMS Ruling on which it rests, are contrary to the

definition of durable medical equipment in the Medicare statute and regulations. *See* 42 U.S.C. § 1395x(n); 42 C.F.R. § 414.202.

3. The Secretary is currently reconsidering his position on whether devices such as the continuous glucose monitor at issue here are durable medical equipment within the meaning of the Medicare statute and regulations. The Secretary expects that, within the next 90 days, he may take some action as a result of this reconsideration, and that such action (if taken) may affect the resolution of this case. The Secretary therefore respectfully moves this Court for a 90-day extension of time to file his cross-motion for summary judgment. If the Secretary takes action on his reconsideration before his cross-motion is due, he will promptly inform the Court and suggest a modified schedule for further proceedings as appropriate.

4. If the Court did not grant this extension of time, prejudice would accrue to the parties, who would be forced to continue with adversarial briefing that may prove unnecessary, and to the Court itself, which would have the parties' motions placed before it while the Secretary was reconsidering his views on the matter.

5. I requested a stipulation to this extension by email today, providing the explanation contained above, in paragraph 3. Plaintiff's counsel indicated, in sum, that plaintiff would not stipulate to the extension.

6. No previous modifications have been made to the schedule in this case. If this motion were granted, the Secretary's cross-motion and opposition would be due Thursday, September 17, 2020. Plaintiff's opposition and reply would be due October 1, 2020.

*************************

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
2 is true and correct.
3    Executed this 15th day of June 2020.
4                                              */s/ James Bickford*
                                               James Bickford