James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. GARY ZIEROTH as the representative of the estate of MRS. SHARON ZIEROTH,<br><br>   *Plaintiff*<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services,<br><br>   *Defendant* | Case No. 3:20-cv-00172-MMC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME |

     The Secretary's request for a 90-day extension to oppose Plaintiff's motion for summary judgment should be denied.

     After waiting 24 of the 28 days until the Secretary's opposition is due, the Secretary requests a 90-day extension so that he can "consider" his position and that, thereafter, he "*may* take some action." Given the absolute lack of any commitment to do anything or even how

Case No. 3:20-cv-00172-MMC
Opposition to Extension                   1

anything the Secretary *might* do could effect this case, there is simply no reason to further delay resolution of this matter.[1]

Even if the Secretary completely withdrew the Ruling that was used to deny coverage of CGMs as not medical devices, that would have no effect on this litigation. This litigation concerns the Secretary's *past* rejections of Mrs. Zieroth's claims. Thus, nothing the Secretary does now will change Mrs. Zieroth's demand for payment of her past claims. Moreover, even if the Secretary was prepared to pay all of Mrs. Zieroth's claims, as discussed during the April 10, 2020 Case Management Conference, Plaintiff is unwilling to settle this action on any terms. In order to benefit other diabetics, Plaintiff seeks a judicial determination regarding both the Ruling and the Secretary's base position a CGM is not durable medical equipment.

Moreover, the Secretary's request is not consistent with FED.R.CIV.P. 1 ("just, speedy, and inexpensive determination"). Pursuant to this Court's Local Rules, this case began with a 90 day delay after service. The Secretary then requested an additional 10 day delay to Answer and serve the Record. Then the Secretary waited an additional 24 days to even make his request for yet another delay. Thus, so far, four of the five months of this litigation has been consumed simply waiting for the Secretary to take some step. Forcing the Plaintiff to wait yet three more months with no guarantee of any difference (and no identified way that the delay would impact resolution of this case) is neither just nor speedy. Indeed, the fastest way to resolve this matter is

---

[1] The Secretary's request (and especially the length) suggests litigation tactics. Currently pending in the District of Columbia is a class action where the identical issues in this case are being litigated. *See Lewis, et al. v. Azar*, Case No. 18-cv-2929 (D.D.C.) (Walton, J.). The Secretary's representative in this case (Mr. Bickford) also represents the Secretary in the *Lewis* case. A hearing on considering when to take up motions for summary judgment is scheduled for July 9, 2020 and a class certification hearing is scheduled for September 1, 2020. Thus, by seeking an extension in Mrs. Zieroth's case beyond September 1, 2020, the Secretary is seeking to ensure that a possible decision by this Court will have no impact on the class action litigation until well after the class certification hearing.

Case No. 3:20-cv-00172-MMC
Opposition to Extension                                      2

to maintain the current schedule which will have the briefing on Plaintiff's motion completed by the end of next week.[2]

Finally, pursuant to Local Rule 6-3(a)(3), a motion to change time must identify the "substantial harm or prejudice" that will result if the current deadline is not modified. No such substantial prejudice is identified in the Secretary's papers. In paragraph 4 of the Bickford' Declaration, the Secretary asserts the "prejudice will accrue to the parties, who would be forced to continue adversarial briefing that may prove unnecessary." How the briefing could prove unnecessary is not identified. Further, of course, Plaintiff has already filed its motion for summary judgment. Thus, the Secretary appears to indicate that the "prejudice" is that the Secretary will have to respond to the motion for summary judgment that the Secretary caused by denying Mrs. Zieroth's claims and denying the allegations of the Complaint. That is not "prejudice" of any kind, much less "substantial prejudice." The Bickford' Declaration also alleges (apparently) that a "prejudice" is that this Court will have the parties' papers while the Secretary "was reconsidering his views." Again, given the lack of any identification of how anything the Secretary *might* (or might not) do could effect this case, no prejudice or "substantial prejudice" has been identified with maintaining the schedule.

Conversely, Plaintiff (and potentially many other persons) would be prejudiced by delaying the resolution of this case. During her lifetime, the Secretary denied Mrs. Zieroth's claims for coverage on grounds that three courts had already rejected and ordered the Secretary to pay attorney's fees for even litigating the matter. The Secretary's unreasonable behavior forced Mrs. Zieroth to file suit to obtain coverage which her grieving husband is continuing in

---

[2] Plaintiff intends to file a reply very promptly.

her name.  The Secretary seems intent on maximizing the amount of time Mr. Zieroth will have to deal with this matter and that is obviously a prejudice to Mr. Zieroth.

      The Secretary's request should be denied.

Dated:  June 16, 2020                  Respectfully submitted,

                                    PARRISH LAW OFFICES

                                    */s/  James C. Pistorino*
                                    James C. Pistorino
                                    *Attorneys for Plaintiff*