James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MR. GARY ZIEROTH as the representative of the estate of MRS. SHARON ZIEROTH,

Plaintiff

v.

ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services,

Defendant

Case No. 3:20-cv-00172-MMC

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

Date: November 20, 2020, 9:00am
Location: Courtroom F, 15th Fl, 450 Golden Gate Ave, San Francisco, CA 94102

Mrs. Zieroth's motion should be granted.

The Secretary's opposition does not challenge that: 1) Mrs. Zieroth was the prevailing party; 2) the reasonableness of the fees requested (except in one instance); 3) that Mrs. Zieroth is eligible for a fees award; 4) that a COLA rate enhancement is appropriate; or 5) that there are no "special circumstances" making an EAJA award inappropriate.

While the Secretary contends that his position (before the agency and/or in this litigation) was not "frivolous", the Secretary does so relying on a rationale that was not the basis for the denials below and which this Court did not even bother to address in its decision finding a CGM was covered durable medical equipment because it was "primarily and customarily used to serve

Case No. 3:20-cv-00172-MMC
Motion for Fees                            1

a medical purpose." The Secretary's position (before the agency and/or in this litigation) was frivolous. Relying on the same rationale that was not the basis for the denials below, the Secretary also contends that his position (before the agency and in this litigation) was "substantially justified" (an issue on which the Secretary bears the burden of proof). The Secretary did not meet his burden.

Mrs. Zieroth's motion for fees under 28 U.S.C. § 2412(b) should be granted.

## I.   DISCUSSION

As noted in Mrs. Zieroth's papers, for years, the Secretary has rejected CGM claims on the irrational ground that a CGM is not "primarily and customarily used to serve a medical purpose." The Secretary maintains that position though four district courts have now told the Secretary otherwise. Indeed, in the present case, the Secretary had actual notice of two of the district court decisions but rejected them before issuing yet another denial contending that a CGM is not "primarily and customarily used to serve a medical purpose."

In opposition to Mrs. Zieroth's motion for fees, the Secretary asserts that his position both below and in this litigation was not frivolous and was substantially justified. Given that, absent a finding of bad faith and an award of fees by this Court, it is to be expected that the Secretary will continue to deny CGM claims on the same discredited grounds.[1] Fee awards under EAJA exist precisely to discourage the Secretary from proceeding in that fashion.

---

[1] On October 30, 2020, the Secretary filed a notice of proposed rulemaking regarding CGM coverage and seeking public comment regarding the same. *See* Dkt. #40. As stated there, the Secretary is merely seeking comment at this time and the proposed rule may, or may not, go into effect. Moreover, the proposed rule would not take effect until, at the earliest, April 1, 2021. Thus, the Secretary has published his intention to continue denying CGM claims on the discredited grounds for at least six more months. Mrs. Zieroth cannot help but notice that CMS 1682-R, which formalized the "not primarily and customarily used to serve a medical purpose" position with regard to CGMs, issued and took effect on the same day (January 12, 2017). Conversely, withdrawing this frivolous position is a multi-year effort which the Secretary proposes to continue for, at least, six more months.

A.   **Paragraph (b) Fees**

As an initial matter, it appears that the Secretary disputes the very definition of "frivolous." In Mrs. Zieroth's view, this dispute does not matter because, under any reading, the Secretary's position (below and/or in this litigation) was "frivolous."

As set forth in Mrs. Zieroth's opening papers, a "frivolous" argument is one that is "groundless" or "obviously wrong." *See Rodriguez v. U.S.*, 542 F.3d 704, 710 (9th Cir. 2008). "Groundless" itself is defined as "destitute of foundation, authority, or support; having no real cause or reasons; unfounded." *Id.*

With regard to "groundless" or "obviously wrong", the Secretary offers that it was neither for the Secretary to reject Mrs. Zieroth's claims based on the Secretary's preference for allegedly more accurate finger sticks using a blood glucose monitor over a CGM. Opp. at 3-4. Of course, the first problem with the Secretary's position is that that was not the basis on which Mrs. Zieroth's claims were rejected. Instead, Mrs. Zieroth's claims were rejected on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose." As Mrs. Zieroth pointed out in her reply papers (*see* Dkt. #32 at 10), "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency." *Motor Vehicle Mfrs. Assoc. of U.S. v. State Farm Mutual Automobile Ins. Co.*, 436 U.S. 29, 50 (1983); *Snoqualmie Indian Tribe v. F.E.R.C.*, 445 F.3d 1207, 1212 (9th Cir. 2008) ("An agency's decision can be upheld only on the basis of the reasoning in that decision."). Thus, the Secretary's effort to switch the grounds for denial is barred by binding precedent and, itself, is "groundless" and/or "obviously wrong."

Accordingly, both the Secretary's position before the agency (*i.e.*, that a CGM is not "primarily and customarily used to serve a medical purpose") *and* in this litigation (*i.e.*, that the

Secretary can switch the basis for denial at the district court level) are "groundless" and "obviously wrong." Nevertheless, as Mrs. Zieroth pointed out in her opening papers (*see* Dkt. #32 at 3), this Court need only find that one aspect of this case was frivolous to make the bad faith finding and award fees under paragraph (b). *See Ibrahim v. D.H.S.*, 912 F.3d 1147, 1180 (9th Cir. 2019) (*en banc*).

The Secretary contends that "frivolous" means only "foreclosed by binding precedent" or "obviously wrong." Opp. at 3 (*citing U.S. v. Manchester Framing Partnership*, 315 F.3d 1176, 1183 (9th Cir. 2003)). With regard to "foreclosed by binding precedent", the Secretary contends that no binding precedent foreclosed the position the Secretary argued in this litigation (but not below). Opp. at 3. While Mrs. Zieroth believes that the definition of *Rodriguez* in 2009 is the more recent and more accurate statement of the Ninth Circuit's position, it is not material because the Secretary's conduct qualifies as "frivolous" under any definition.

First, the Secretary's position below that a CGM is not "primarily and customarily used to serve a medical purpose" is "obviously wrong." Second, the Secretary's position in this litigation that the Secretary can switch the bases for denial at the district court level is also "obviously wrong" and, in fact, is barred by binding precedent from both the Supreme Court (*State Farm*) and the Ninth Circuit (*Snoqualmie*). In any event, as indicated, to find bad faith this Court need only find that *either* the position below *or* in this litigation was frivolous in order to award fees under paragraph (b).

As indicated in Mrs. Zieroth's opening papers, fees for litigating a fee petition are available under EAJA. Attached, as Exhibit A-1, is an updated invoice including the fees incurred in litigating this petition. With the petition fees, the total fees requested under paragraph (b) is $53,835 (plus $400 in costs).

**B.      Paragraph (d) Fees**

For fees under paragraph (d), given the Secretary's admission that Mrs. Zieroth was the "prevailing party", the Secretary bore the burden of establishing that his position was substantially justified. *See, e.g., Gutierrez v. Barnhart*, 974 F.3d 1255, 1258 (9th Cir. 2001) ("It is the government's burden to show that it position was substantially justified or that special circumstances exist to make an award unjust."). The Secretary did not meet his burden.

As indicated in Plaintiff's opening papers, fees for litigating a fee petition are available under EAJA. Attached, as Exhibit A-1, is an updated invoice including the fees incurred in litigating this petition. With the petition fees, the total hours expended were 98.45. Applying the COLA and using the 1.96 multiplier results in total fees of $24,120 (plus $400 costs).[2]

**C.      The Requested Attorneys Fees Are Reasonable**

The Secretary disputes one of the time entries provided. Opp. at 2, n. 1. In particular, the Secretary contends that an entry of 2.4 hours on January 16, 2020 for "delivering chambers copy of pleadings" was unreasonable and should be excluded. The charges were reasonable under the circumstances.

On January 8, 2020, this case was filed before being assigned to this Court on January 10, 2020. *See* Dkt. #1 and 9. On January 15, 2020, Mrs. Zieroth filed her first motion for summary judgment. *See* Dkt. #11. Thereafter, on January 16, 2020, this Court issued an Order requiring Plaintiff to "submit forthwith a chambers copy of her Complaint[.]" *See* Dkt. #12. Parrish Law Offices is a small, three-person, law firm with a single attorney in Menlo Park operating from his

---

[2] If the Court uses the $206.77 billing rate, then the total fees are $20,356 (plus $400 costs).

residence and with no administrative support in the Bay Area.[3] Thus, in accordance with this Court's rules requiring chambers copies and the Order of January 16, during the day of January 16, counsel prepared copies of the Complaint and the motion for summary judgment filed the day before hand-delivering them to the clerk in San Francisco. This was the fastest, most efficient way of complying with the Court's Order and was reasonable under the circumstances.

The full amount of requested fees should be awarded.

## II.   CONCLUSION

For the reasons set forth above, the Court should find that the Secretary's position was frivolous and award the requested fees under paragraph (b).

Dated: November 5, 2020                       Respectfully submitted,

PARRISH LAW OFFICES

/s/ James C. Pistorino
James C. Pistorino
*Attorneys for Plaintiff*

---

[3] Being a small law firm has both advantages and disadvantages. The lack of overhead allows the attorneys to charge much lower rates. For example, undersigned counsel was previously employed as a partner at one of the largest law firms in the United States, where his billing rate (five years ago) was ~$900/hour and the current billing rate for attorneys of similar experience is in excess of $1,000/hour. Undersigned counsel's current billing rate is effectively half what would be charged for his time at larger law firms. Of course, the lack of overhead means that counsel must operate in many instances without support staff. Overall, the lower billing rates result in greater value to the clients, including in *pro bono* cases such as this one.