IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ZIEROTH, as representative of the estate of SHARON ZIEROTH,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of Health and Human Services,<br><br>Defendant. | Case No. 20-cv-00172-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Doc. No. 37 |

Before the Court is plaintiff Gary Zieroth's ("Zieroth") "Motion for Attorneys' Fees and Costs," filed October 10, 2020, pursuant to the Equal Access to Justice Act ("EAJA"). Defendant Alex Azar, Secretary of Health and Human Services ("Secretary"), has filed opposition, to which Zieroth has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Zieroth's wife, Sharon Zieroth, was a type 1 diabetic with hypoglycemic unawareness. (See Certified Administrative Record ("CAR") at 8.) To manage her condition, she used a continuous glucose monitor ("CGM"), specifically, a Medtronic MiniMed 530G system ("MiniMed 530G"), which device consists of several components, one of which is a sensor. (See id. at 7-8.)

---

[1] By order filed November 17, 2020, the Court took the motion under submission.

Between July 2017 and May 2018, Sharon Zieroth submitted, under Part B of the Medicare program, claims for reimbursement of the costs of three sensors, which claims were denied on the ground that a CGM system of the type exemplified by the MiniMed 530G did not, according to the Medicare Appeals Council ("Appeals Council"), constitute "durable medical equipment" as defined in 42 C.F.R. § 414.202, as interpreted by CMS-1682-R, a ruling issued by the Secretary through the Centers for Medicare and Medicaid Services.  (See id. at 4, 11-13.)

On January 8, 2020, Sharon Zieroth filed the instant action seeking review of the denial of her claims.  Subsequently, on February 7, 2020, Sharon Zieroth passed away from complications of diabetes (see Mot. to Substitute, filed Apr. 3, 2020), and Zieroth, as the representative of her estate, continued the instant action on her behalf.  In an order filed September 22, 2020, the Court granted Zieroth's motion for summary judgment, denied the Secretary's cross-motion for summary judgment, and remanded the action with instructions to authorize coverage for the three sensors at issue.

**DISCUSSION**

By the instant motion, Zieroth seeks an award of attorneys' fees in the amount of $53,835, as well as an award of costs in the amount of $400.

**A.    Entitlement to Award**

Pursuant to the EAJA, attorneys' fees and costs shall be awarded to the "prevailing party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  See 28 U.S.C. § 2412(d)(1)(A).[2]  Ordinarily, such fees are to be awarded at the statutory rate of "$125 per hour," adjusted, if appropriate, for "an increase in the cost of living or a special factor."  See id. § 2412(d)(2)(A).  Where, however, the government has "acted in

---

[2] There is no dispute that Zieroth is the prevailing party, nor that the other foundational requirements have been met, specifically, that the instant application was timely filed, see 28 U.S.C. § 2412(d)(1)(B), and that Sharon Zieroth's net worth did not exceed the cap set by the EAJA, see id. § 2412(d)(2)(B).

bad faith," see Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1180 (9th Cir. 2019) (internal quotation and citation omitted), such fees shall be awarded "to the same extent that any other party would be liable under the common law," see id. § 2412(b).

Here, Zieroth argues he is entitled to an award of attorneys' fees because the Secretary's position was not, Zieroth contends, substantially justified, and, further, that he is entitled to an award at an enhanced rate because, according to Zieroth, the Secretary acted in bad faith.

### 1. Substantial Justification

The Secretary argues Zieroth is not entitled to an award of fees because, the Secretary asserts, the Secretary's position was "substantially justified." See 28 U.S.C. § 2412(d)(1)(A).[3] As set forth below, the Court disagrees.

"A substantially justified position must have a reasonable basis in both law and fact," see United States v. Marolf, 277 F.3d 1156, 1161 (9th Cir. 2002), and fees generally should be awarded "where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position," see id. at 1159.

Here, the Court, in its order granting Zieroth's motion for summary judgment and denying the Secretary's cross-motion for summary judgment, found the Secretary's position, both as set forth in CMS-1682-R and reiterated in the course of the instant litigation, was not reasonable. (See Order at 7:4-5.) Moreover, to date, three other district courts have rejected the Secretary's position, see Whitcomb v. Hargan, No. 17-CV-00014-DEJ (E.D. Wis. Oct. 26, 2017); Bloom v. Azar, 2018 WL 583111 (D. Vt. Jan. 29, 2018), Lewis v. Azar, 308 F. Supp. 3d 574 (D. Mass. 2018), and, although not determinative, "a string of losses can be indicative" of whether a position was substantially justified, see Pierce v. Underwood, 487 U.S. 552, 569 (1988).

---

[3] The Secretary does not contend there exist any "special circumstances mak[ing] an award unjust." See 28 U.S.C. § 2412(d)(1)(A).

Accordingly, the Court finds the Secretary's position was not substantially justified and, consequently, Zieroth is entitled to an award of fees.

### 2. Bad Faith

A finding of bad faith is warranted where the government "knowingly or recklessly raises a frivolous argument" in prosecuting or defending against an action. See Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008) (internal quotation and citation omitted). "A frivolous [defense] is one that is groundless . . . with little prospect of success," such as one in which "the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous." See id. (ellipsis in original; internal quotation and citation omitted). In determining whether a position is frivolous, a court "must review the totality of the government's conduct" and "may examine the government's actions that precipitated the litigation, as well as the litigation itself." See Ibrahim, 912 F.3d at 1180-81.

Here, Zieroth contends that, at the time his wife's claims were denied, no "competent authority of any kind" supported the Secretary's position (see Mot. at 8:21), and, further, that in the course of the instant litigation, the Secretary "offered a different rationale" for denial than that cited by the Appeals Council (see id. at 9:17-18), specifically, that the MiniMed 530G was not covered because it assertedly is less accurate than other systems. As set forth below, the Court is not persuaded.

First, the Court finds the Secretary's position was not wholly lacking in support. In particular, in finding the MiniMed 530G did not qualify as durable medical equipment, the Secretary relied on the distinction made by the Food and Drug Administration ("FDA") between two categories of CGM systems, specifically, those approved by the FDA "for use in place of a blood glucose monitor" and those, like the MiniMed 530G, approved "for use as adjunctive devices to complement, not replace, information obtained from blood glucose monitors,"[4] which categories the Secretary characterized as, respectively,

---

[4] As described in CMS-1682-R, blood glucose monitors "measure glucose values

4

"therapeutic" and "non-therapeutic" systems. See CMS-1682-R at 6-7, 13.

Second, the Court finds the Secretary's position has not changed. In particular, the Court disagrees with Zieroth's contention that the Secretary, in the course of the instant litigation, asserted, for the first time, that the MiniMed 530G is not as "accurate" as other systems. (See Pl.'s Reply in Support of Mot. for Summ. J. at 10:2.) In support thereof, Zieroth cites to the Secretary's cross-motion for summary judgment, in which the Secretary states that, "[u]nder the terms of [CMS-1682-R], CGMs are only covered if they are accurate enough to be 'used for making diabetes treatment decisions, such as changing one's diet or insulin dosage based solely on the readings of the CGM.'" (See Def.'s Cross-Mot. for Summ. J. at 5:22-6:1 (citing CMS-1682-R at 7).) In making that statement however, the Secretary cites to a specific page of CMS-1682-R, in which the Secretary, in denying coverage for systems such as the MiniMed 530G, compared "therapeutic" and "non-therapeutic" CGM systems and explained that the former is, in essence, more accurate than the latter. (See CMS-1682-R at 7.)

In sum, the Court finds the Secretary has not acted in bad faith.

**B.    Amount of Award**

Where, as here, a party establishes he is entitled to an award of fees, such fees are, as noted, awarded at the statutory rate of "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." See 28 U.S.C. § 2412(d)(2)(A).[5]  There is no disagreement here as to the calculation of the statutory hourly rate. As set forth by the Ninth Circuit, the statutory hourly rates, adjusted for increases in the cost of living, are $205.25 and $206.77 for work performed, respectively, in 2019 and 2020. See Statutory Maximum Rates Under the EAJA, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (setting forth

---

using fingertip blood samples." See id. at 6.

[5] Zieroth does not contend any "special factor" exists here. See id.

5

1   adjusted rates for 2010 through first half of 2020).[6]

2   Next, with one exception, there is no dispute as to the number of hours claimed,
3   namely, 98.45 hours for work performed by Zieroth's counsel, the one exception being
4   2.4 hours of work described as "delivering chambers copy of pleadings" (see Reply, Ex.
5   A-1 at 3), which, the Secretary argues, were not reasonably expended.  In response,
6   Zieroth contends the challenged expenditure was reasonable because his counsel has
7   "no administrative support in the Bay Area" (see Reply at 6:1), and, consequently, in
8   endeavoring to comply with the Court's directive to "submit forthwith a chambers copy of
9   [the] Complaint" (see Order, filed Jan. 16, 2020, at 1:14-15), personally "hand-deliver[ed]"
10  the copy to the Clerk of Court (see Reply at 6:4).  As the Ninth Circuit has noted,
11  however, "purely clerical or secretarial tasks should not be billed at a paralegal [or
12  lawyer's] rate, regardless of who performs them."  See Davis v. City & Cty. of San
13  Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (alteration in original; internal quotation
14  and citation omitted), opinion vacated in part on other grounds, 984 F.2d 345 (9th Cir.
15  1993) (finding time spent by counsel in "serving and filing of papers" should "not have
16  been included in the attorneys' fee award").

17  Accordingly, the Court will reduce by 2.4 hours the total hours claimed by Zieroth,
18  resulting in an award of attorneys' fees in the amount of $19,838.60.[7]

19  Lastly, as noted, Zieroth seeks costs in the amount of $400, specifically, the filing
20  fee for the instant action.  There is no dispute Zieroth is entitled to an award of that
21  amount as a taxable item of cost under 28 U.S.C. § 2412(a)(1).

**CONCLUSION**

23  For the reasons stated above, Zieroth's Motion for Attorneys' Fees and Costs is

---

[6] The hours Zieroth claims for 2020 were expended in both the first half and second half of the year.  "If no rate is posted for the period in which [the] work was performed," the court "use[s] the rate that is posted for the previous period."  See id.

[7] This sum is calculated as follows: (14.25 hours x hourly rate of $205.25) + (81.8 hours x hourly rate of $206.77).

6

hereby GRANTED in part and DENIED in part, and Zieroth is awarded attorneys' fees in the amount of $19,838.60, together with costs in the amount of $400.

**IT IS SO ORDERED.**

Dated: December 3, 2020

MAXINE M. CHESNEY
United States District Judge